# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

YUAN C. YU,

          Plaintiff,      :      Case No. 2:18-cv-1732

   - vs -                                 Judge Sarah D. Morrison
                                     Magistrate Judge Elizabeth Preston Deavers

MEGAN J. BRENNAN,
Postmaster General, U.S. Postal Services

                                       :

         Defendants.

## **OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss of Defendant Megan J. Brennan, Postmaster General, United States Postal Service ("Ms. Brennan"). (ECF No. 9). Plaintiff Yuan Yu ("Ms. Yu") filed a Memorandum Contra to the Motion (ECF No. 13) and Brennan has Replied (ECF No. 14). The matter is now ripe for decision.

## I.    PLAINTIFF'S ALLEGATIONS

According to the Complaint, Ms. Yu has worked for the United States Postal Service ("USPS") since 1994. (ECF No. 1, ¶ 15). She has been a devoted USPS employee and has not been the subject of disciplinary actions. *Id*. For over eighteen years of her time with the USPS, Ms. Yu was a non-permanent, casual employee despite her repeated attempts to acquire a permanent position. *Id*. ¶ 16.

On or about August 13, 2007, Ms. Yu filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that the USPS had discriminated against her based on age and race and that she had been improperly removed from a career position. *Id*. at ¶ 17. Shortly after filing her complaint and without getting a substantive determination on her claims,

Ms. Yu and USPS entered into a settlement agreement (the "2007 Settlement Agreement") on or about September 13, 2007. *Id.* ¶¶ 2, 17-18.

According to Ms. Yu, that 2007 Settlement Agreement did not resolve her issues with the USPS and she subsequently filed a proceeding with the EEOC alleging that the USPS had not complied with the 2007 Settlement Agreement. *Id.* ¶¶ 19-20 and Ex. 2. On May 1, 2014, the EEOC concluded that the USPS had breached the 2007 Settlement Agreement and ordered the agency to take certain remedial actions to bring it into compliance with its agreement with Ms. Yu (the "2014 EEOC Order"). *Id.* at Ex. 2. Included in those remedial actions were the requirements that the USPS (1) retroactively place Plaintiff into a vacant career position and (2) pay Plaintiff backpay. *Id.*

In January 2015, Ms. Yu was placed in a permanent position as a mail handler. *Id.* at ¶ 21. However, Plaintiff alleges that the USPS did not comply with the required remedial actions ordered in the 2014 EEOC Order in that it failed to pay her all the back pay and attorney fees to which she was entitled. *Id.* ¶ 22. Ms. Yu claims that (1) the USPS used incorrect comparators to calculate her overtime, (2) the USPS used the wrong retroactive date for placing her in the permanent position, (3) the USPS incorrectly determined that she had failed to mitigate her damages, and (4) her attorney fees have not been paid. Id. ¶¶ 23–29.

Ms. Yu filed a Petition for Enforcement of the 2007 Settlement Agreement with the EEOC on or about April 10, 2018. *Id.* at Ex. 3. Her petition was denied. *Id.*

On December 15, 2018, Ms. Yu filed this lawsuit against the USPS. *Id.* at ¶¶ 21-29. She brings this action as an enforcement action, seeking to enforce the 2014 EEOC Order. Specifically, Ms. Yu demands (a) a hearing to determine whether the USPS has complied with the EEOC's orders; (b) upon a finding of non-compliance, an order instructing USPS to comply with the EEOC

Order, and; (c) attorney fees. *Id*. at Wherefore ¶ ¶ a-c.

## II.     STANDARD OF REVIEW

Defendant seeks dismissal of the Complaint in this matter for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. S.W. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

Defendant USPS presents both a facial and a factual challenge to subject matter jurisdiction. When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990); *Roulhac v. Sw. Reg'l Transit Auth.*, No. 07CV408, 2008 WL 920354, at *2 (S.D. Ohio Mar. 31, 2008).

---

[1] Defendant attaches the EEOC's January 2012 Decision to its Motion to Dismiss. That document was not attached to the Complaint. The Court did not consider that decision when ruling on the instant motion. Therefore, the Court utilizes the Fed. R. Civ. P. 12 standard of review instead of the Fed. R. Civ. P. 56 level of review when resolving the present motion.

3

**III.    ANALYSIS**

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood,* 312 U.S. 584, 586 (1941). Congress has waived sovereign immunity in Title VII suits where the federal government is the employer, 42 U.S.C. § 2000e–16(d), but that waiver is conditioned "upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'" *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (quoting *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976).Among other requirements, a plaintiff must exhaust her administrative remedies through internal agency procedures and then filing a complaint with the EEOC. The enabling regulations of Title VII provide that "[a] complainant who has filed an individual complaint . . . is authorized under [T]itle VII, [and] the ADEA ... to file a civil action in an appropriate United States District Court . . . (c) Within 90 days of receipt of the [EEOC's] final decision on an appeal." 29 C.F.R. § 1614.407. A petition for enforcement to the EEOC "is an 'appeal from a decision' of an agency within the meaning of [42 U.S.C. § 2000e–16]." *Wilson v. Pena,* 79 F.3d 154, 166–67 (D.C. Cir. 1996).

In this case, it appears that Ms. Yu followed the required administrative procedures by filing a complaint with the EEOC in 2007. Any time there is a complaint of discrimination, a federal agency "shall make reasonable efforts to voluntarily settle complaints of discrimination as early as possible in, and throughout, the administrative processing of complaints . . . ." 29 C.F.R. § 1614.603. If efforts are successful, any such settlement "shall be in writing and signed by both parties and shall identify the claims resolved." *Id*. Apparently pursuant to these requirements, the USPS sought to resolve Ms. Yu's claims by entering into the 2007 Settlement Agreement. *See*, Compl. ¶ ¶ 17-18.

Where, as here, an agency subsequently breaches such a settlement agreement, the procedures for addressing the breach require the claimant to provide written notice to the EEOC's director within 30 days of the breach. 29 C.F.R. § 1614.504(a). Following a breach, the remedies a claimant may seek are either specific performance of the settlement agreement or reinstatement of the original discrimination complaint. *Id.* Ms. Yu opted to enforce the 2007 Settlement Agreement, which led to the EEOC's issuance of the 2014 EEOC Order.

It is the 2014 EEOC Order that Ms. Yu now seeks to enforce. However, there are limited situations in which a federal employee can bring a civil action to enforce an order of the EEOC. The sections of the Code of Federal Regulations cited by Plaintiff are the applicable sections and they provide:

> **§ 1614.503 Enforcement of final Commission decisions.**
>
> **(a) Petition for enforcement**. A complainant may petition the Commission for enforcement of a decision issued under the Commission's appellate jurisdiction. The petition shall be submitted to the Office of Federal Operations. The petition shall specifically set forth the reasons that lead the complainant to believe that the agency is not complying with the decision. . . .
>
> **(g) Notification to complainant of completion of administrative efforts.** Where the Commission has determined that an agency is not complying with a prior decision, or where an agency has failed or refused to submit any required report of compliance, the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701*et seq.,* and the mandamus statute, 28 U.S.C. 1361, or to commence *de novo* proceedings pursuant to the appropriate statutes.

29 CFR § 1614.503.

Thus, after an employee receives a favorable ruling from the EEOC or enters into a settlement agreement, if she believes that the agency has failed to comply with the relief ordered,

5

she can file a petition for enforcement with the EEOC. *See* 29 C.F.R. § 1614.503(a). Once a petition for enforcement is filed, the Office of Federal Operations (OFO), acting on the EEOC's behalf, must "take all necessary action to ascertain whether the agency is implementing [the EEOC's prior] decision." 29 C.F.R. § 1614.503(b). If unsatisfied with the agency's compliance efforts, the OFO may submit recommendations for enforcement to the EEOC, *see* 29 C.F.R. § 1614.503(c) and (d), and the EEOC may thereafter issue a notice to the head of the agency requiring him or her to show cause for the agency's non-compliance. *See* 29 C.F.R. § 1614.503(e).

Ms. Yu followed this process when she determined that the USPS had failed to comply with the 2014 EEOC Order. (Compl. ¶ 25.) The Commission docketed her petition for enforcement on April 10, 2018; it determined on September 21, 2018 that the USPS "is in full compliance with our orders." (Compl. Ex. 3.)

The OFO's determination that the USPS is in full compliance with the 2014 EEOC Order has preclusive effect on this Court's subject matter jurisdiction over enforcement of that Order. Pursuant to 29 C.F.R. § 1614.503(g), an employee's claim for judicial enforcement is proper only where the EEOC determines that the agency is <u>not</u> in compliance with its previous decision, or where the agency has failed to submit a compliance report. By its plain language, § 1614.503(g) forecloses a civil enforcement action where the EEOC has found the agency to be in compliance with its previous decision. *Dellinger v. Potter, No. 3:08-cv-00219, 2009 U.S. Dist. LEXIS 63571, at \*16 (S.D. Ohio July 22, 2009)* (holding "Decisions from multiple circuits, including the Sixth Circuit, plainly state that civil enforcement is only available when the plaintiff is satisfied with the most recent findings and orders of the EEOC, and only seeks court action to ensure that the orders are fulfilled." (citing *Haskins v. U.S. Dep't of the Army*, 808 F.2d 1192, 1200 n.4 (6th Cir.

1987))); *see also*, *Timmons v. White,* 314 F.3d 1229, 1232 (10th Cir. 2003) ("Obviously, if [plaintiff's] action constituted an enforcement action, *the lack of an EEOC determination of non-compliance, which is a prerequisite to such a suit,* would have rendered the grant of summary judgment in favor of Defendant appropriate on that ground.") (emphasis added); *Tshudy v. Potter,* 350 F.Supp.2d 901, 906 (D. N.M. 2004) ("In order for this Court to have jurisdiction over Plaintiff's enforcement action, there must have been an EEOC determination of non-compliance."); *Daly v. Runyon,* No. 95-C-5954, 1996 WL 754112, at *3 (N.D. Ill. 1996) ("It is only when the EEOC determines that an agency has failed to comply with an EEOC ruling, that a plaintiff may seek his right of judicial review [under] 29 C.F.R. § 1614(g).").

Neither of the prerequisites to suit in 29 U.S.C. § 1614.503(g) is met here: (1) the EEOC determined that the USPS is in full compliance with its prior order; and (2) there is no allegation that the USPS has failed to submit all required compliance reports. The Court does not have subject matter jurisdiction to enforce the 2014 EEOC Order.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. (ECF No. 9.)

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**