# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

YUAN C. YU,

        Plaintiff,     :    Case No. 2:18-cv-1732

  - vs -                     Judge Sarah D. Morrison
                            Magistrate Judge Elizabeth Preston Deavers

MEGAN J. BRENNAN,
Postmaster General, U.S. Postal Services

                                :

        Defendants.

## **OPINION AND ORDER**

This matter is before the Court on the unopposed September 22, 2019 Motion to Transfer This Case to the U.S. Court of Claims filed by Plaintiff Yuan Yu (ECF No. 20).

After Yu lodged her Complaint, Defendant Megan J. Brennan, Postmaster General, United States Postal Service ("USPS") filed a Motion to Dismiss (ECF No. 9), arguing that the Court lacked jurisdiction over the matter. Yu opposed the merits of the USPS' motion, but alternatively requested that the Court transfer the case to the United States Court of Federal Claims. (ECF No. 13 at 4.)

The Court's September 10, 2019 Opinion and Order (ECF No. 18) granted the USPS' motion in full, reasoning that jurisdiction was lacking because the Office of Federal Operations determined that the USPS was in full compliance with the 2014 EEOC Order. (ECF No. 18 at 6-7.) The Opinion and Order did not address Yu's alternative suggestion. Hence, Yu filed the instant motion, noting that omission and seeking transfer pursuant to 28 U.S.C. § 1631 "to present her contention to the Claims Court that the Settlement Agreement was breached." (ECF No. 20 at 2, 4.) That section provides:

1

> Whenever a civil action is filed in a court as defined in section 610 of this title [28 USCS § 610] or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C.S. § 1631. Thus, when, as here, a court finds that it lacks jurisdiction, transfer to a federal jurisdiction where the action could have been brought at the time of filing is mandatory when transfer would be in the interest of justice. *See Woody v. Marberry*, 178 F. App'x 468, 473 (6th Cir. 2006).

Yu now asserts that she contends that the USPS breached the settlement agreement causing damages in excess of $10,000 such that she could have brought this case before the United States Court of Federal Claims under the Tucker Act, 28 U.S.C. § 1491(a)(1). (ECF No. 20 at 2-3.) The Tucker Act provides that court has exclusive jurisdiction over all claims, not sounding in tort, against the United States that are in excess of $10,000. *Sosa v. Sec'y DOD*, 47 F. App'x 350, 351 (6th Cir. 2002).

Next, transferring the matter to the Court of Claims would satisfy the "in the interest of justice" prerequisite because transfer would ensure that the statute of limitations does not bar Yu's claims from proceeding. (ECF No. 20 at 2-3.) "[T]he reasons for transferring a case to a proper forum rather than dismissing 'are especially compelling if the statute of limitations has run since the commencement of the action, so that dismissal might prevent the institution of a new suit by the plaintiff and a resolution on the merits.'" *Jackson v. L&F Martin Landscape*, 421

F. App'x 482, 484 (6th Cir. 2009) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827, at 587 (3d ed. 2007)). In this instance, transfer would have an additional benefit. That is, "[t]ransfer is also typically in the 'interest of justice' because it saves 'the parties the time and expense associated with refiling.'" *Advanced Sols. Life Scis., LLC v. BioBots, Inc.*, No. 3:16-CV-00709-CRS, 2017 U.S. Dist. LEXIS 73241, at *23 (W.D. Ky. May 12, 2017) (quoting *Freedman v. Suntrust Banks, Inc.*, 139 F. Supp. 3d 271, 285 (D.D.C. 2015) (citing *Capital Bank Int'l Ltd. v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 78 (D.D.C. 2003)).

In short, the Court finds that transfer is proper and would be "in the interest of justice," because transfer to the United States Court of Federal Claims: (1) is unopposed; (2) would ensure that Yu is not barred by the statute of limitations from having her day in court, and (3) would prevent refiling costs. For these reasons, the Court holds the Motion to Transfer (ECF No. 20) is **GRANTED**. The Clerk is **ORDERED** to transfer this action to the United States Court of Federal Claims.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**